IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE GUTIERREZ, SR., <br><br>        Plaintiff, <br><br>    v. <br><br> KAISER FOUNDATION HOSPITALS, CARLOS AVILA; AND DOES 1 THROUGH 10, <br><br>        Defendants. | No. C 11-03428 CW <br><br> ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT |

INTRODUCTION

   Plaintiff Guadalupe Gutierrez, Sr., brought twelve causes of action in state court against Defendants Kaiser Foundation Hospitals and Carlos Avila based on allegations that Defendants subjected him to adverse employment actions including race and age discrimination, unlawful termination, and retaliation for disclosing unlawful conduct.  Defendants removed the case to federal court based on preemption under section 301 of the Labor Management Relations Act (LMRA).  Plaintiff moves to remand the case to state court and seeks attorneys' fees.  Defendants oppose the motion.  Plaintiff has brought two claims based on rights created by a collective bargaining agreement, and they are preempted.  The Court has supplemental jurisdiction over the remaining claims, and the motion to remand is DENIED.

BACKGROUND

   Plaintiff was employed, pursuant to a collective bargaining agreement (CBA), as Lead Biomedical Engineer with Kaiser for more

than twenty-two years.  Plaintiff's complaint states that on or around June 6, 2009, Avila "abruptly removed" him from work and placed him on administrative leave without providing an explanation or an opportunity to address the alleged misconduct, which included excessive overtime, falsifying service reports, and entering false safety readings.  Plaintiff alleges that this was in violation of Kaiser's policy of progressive discipline and, further, that it was part of Kaiser's practice falsely to accuse older workers of time sheet abuse in order to force them into resignation.

Plaintiff further states that, around February 2008, he and other employees had complained about the racial discrimination and abusive conduct of a supervisor.  Later that year, Kaiser hired five non-union subcontractors, which Plaintiff argues was in violation of the CBA.  Plaintiff also alleges that the five subcontractors schemed to cause his termination.  On June 26, 2009, Avila allegedly removed Plaintiff from his work based on his being a "whistleblower."  Plaintiff was eventually reinstated after an arbitration proceeding determined that he had not been terminated for just cause.  Plaintiff alleges that when he returned to work, he was subjected to a hostile and discriminatory work environment designed to force his resignation.

Plaintiff brought twelve causes of action in state court: (1) retaliation; (2) hostile work environment; (3) harassment; (4) violation of Business and Professions Code section 17200 et seq.; (5) wrongful termination in violation of public policy; (6) violation of Labor Code section 1102.5; (7) constructive discharge in violation of public policy; (8) wrongful termination;

(9) violation of Art. 1, section 8, of the California Constitution; (10) intentional infliction of emotional distress; (11) breach of the implied covenant of good faith and fair dealing; and (12) age discrimination.

## DISCUSSION

I. Legal Standard

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). On a motion to remand, the scope of the removal statute must be strictly construed. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Courts should resolve doubts as to removability in favor of remanding the case to state court. Id.

"In general, district courts have federal-question jurisdiction only if a federal question appears on the face of a plaintiff's complaint." Brennan v. Southwest Airlines Co., 134 F.3d 1405, 1409 (9th Cir. 1998) (citing Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Because the plaintiff is the master of the complaint, a court does not exercise original jurisdiction over a matter solely because a federal defense may be anticipated. Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 14 (1983). A plaintiff chooses what claims he or she wishes to bring and may forgo federal claims. There is, however, an exception to the general rule: the artful pleading doctrine. Artful pleading exists where a plaintiff states an

3

inherently federal claim in state-law terms. Brennan, 134 F.3d at 1409.

## DISCUSSION

I. Remand

Defendants move to dismiss on the basis of federal preemption. Section 301 of the LMRA provides federal jurisdiction over "[s]uits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between such labor organizations." 29 U.S.C. § 185(a).

The Supreme Court has stated that section 301 of the LMRA, 29 U.S.C. § 185(a), preempts equivalent remedies under state law and that "the preemptive force of section 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.' Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of [section] 301." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 23 (1983); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987). Moreover, a plaintiff cannot avoid removal by artfully pleading state law claims that are actually preempted by federal statutes. Franchise Tax Bd., 463 U.S. at 22; Young v. Anthony's Fish Grotto, Inc., 830 F.2d 993, 996-97 (9th Cir. 1987). Federal removal jurisdiction, however, requires that a plaintiff be able to assert a federal cause of action based on the allegations in the state law complaint. Young, 830 F.2d at 997.

4

A state law claim is completely preempted by section 301 of the LMRA if resolution of the claim requires the interpretation of a collective bargaining agreement. Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 (1988). "Section 301 governs claims founded directly on rights created by collective-bargaining agreements, and claims 'substantially dependent on analysis of a collective-bargaining agreement.'" Caterpillar, 482 U.S. at 394 (citation omitted); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985) (tort claim preempted because extent of employer's duty of good faith depends on terms of collective bargaining agreement).

Preemption under section 301 will not apply, however, in all instances in which a collective bargaining agreement is present. Section 301 preemption does not apply where a state-law remedy is independent of a collective bargaining agreement in the sense that resolution of the state-law claim does not require construing the collective bargaining agreement. Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399 (1988). Section 301 does not preempt state causes of action simply because they require analysis of the same facts that would be at issue in a Section 301 claim, Lingle, 486 U.S. at 408-09, or because the court must refer to the collective bargaining agreement, as opposed to interpreting its terms, in order to decide the claim. Livadas v. Bradshaw, 512 U.S. 107, 123-24 (1994). Only state causes of action "that do not exist independently of private agreements, and that as a result can be waived or altered by agreement of private parties, are preempted by those agreements." Allis-Chalmers Corp., 471 U.S. at 213.

1    As Defendants indicate in their opposition, Plaintiff's
2 eighth and eleventh causes of action allege wrongful termination
3 and the breach of the implied covenant of good faith and fair
4 dealing.  These claims invoke rights created by the collective
5 bargaining agreement, and the Court must refer to and interpret
6 the agreement to adjudicate the claims.  Complete preemption
7 applies where claims are founded directly on rights created by a
8 CBA.  Caterpillar, 482 U.S. at 394.
9    Plaintiff's wrongful termination claim is based on Kaiser's
10 alleged violation of an agreement not to terminate employees
11 without just cause and without progressive discipline.  California
12 state law does not create such a right independent of a collective
13 bargaining agreement.  It is the collective bargaining agreement
14 that provides that no union employee will be terminated without
15 just cause.  Avila Dec., Ex. A, CBA Section 3.  It further
16 provides that Kaiser has "the right to issue rules of conduct and
17 appropriate penalties for just cause infractions thereof."
18 Plaintiff's eighth cause of action thus derives directly from and
19 is created by the agreement.  See Johnson v. Anheuser Busch, Inc.,
20 876 F.2d 620, 624 (9th Cir. 1989) ("Discharge for just cause is a
21 subject governed by the collective bargaining agreement. This
22 count is inextricably intertwined with the collective bargaining
23 agreement and is preempted by section 301.").
24    The implied covenant of good faith and fair dealing "is read
25 into contracts in order to protect the express covenants or
26 promises of the contract, not to protect some general public
27 policy interest not directly tied to the contract's purposes."
28 Foley v. Interactive Data Corp., 47 Cal.3d 654, 690 (1988).

**United States District Court**
For the Northern District of California

Although the eleventh cause of action itself is based in state law, a claim for breach of the implied covenant of good faith and fair dealing requires a valid agreement and an interpretation of that agreement, to give effect to its terms. See Smith v. City and County of San Francisco, 225 Cal. App. 3d 38, 49 (1990) ("The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract.")  Here, that agreement is the CBA. Ninth Circuit cases are consistent with this reasoning. In Newberry v. Pacific Racing Ass'n, 854 F.2d 1142 (9th Cir. 1988), the court found that a claim of a breach of the implied covenant of good faith and fair dealing required it to interpret the specific language of a collective bargaining agreement's terms, and that, therefore, the claim was preempted under section 301. Newberry, 854 F.2d at 1148.

II. Supplemental Jurisdiction

Because Plaintiff's claims for wrongful termination and breach of the implied covenant of good faith and fair dealing are preempted by section 301, the Court has federal question jurisdiction over those claims. 28 U.S.C. § 1331. The Court may, in its discretion, remand the remaining non-preempted state law claims. However, because Plaintiff's remaining claims arise from a common nucleus of operative facts with the preempted claims, the Court may, and does, exercise supplemental jurisdiction over these claims. 28 U.S.C. § 1367(a); United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).

III. Attorneys' Fees

Title 28 U.S.C. section 1447(c) provides for "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal" to a moving party who successfully seeks remand. Because the motion is denied, Plaintiff is not entitled to attorneys' fees.

CONCLUSION

For the foregoing reasons, Plaintiff's motion (Docket No. 16) is DENIED.

IT IS SO ORDERED.

Dated: 9/27/2011

CLAUDIA WILKEN
United States District Judge